**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Taylor Wardlaw, Appellant.

In the interests of minors under the age of eighteen.

Appellate Case No. 2024-000340

---

Appeal From Richland County
Mindy W. Zimmerman, Family Court Judge

---

Unpublished Opinion No. 2024-UP-402
Submitted November 15, 2024 – Filed November 25, 2024

---

**AFFIRMED**

---

Nancy Carol Fennell, of Irmo, for Appellant.

Nicholas Jordan Sharpe, of Ashby Jones and Associates LLC, of Lexington, for Respondent.

Angela L. Kohel, of Richland County CASA, of Columbia, for the Guardian ad Litem.

---

**PER CURIAM:** Taylor Wardlaw appeals the family court's final order removing her minor children from her custody, finding she placed the children at a substantial risk of physical abuse, and authorizing the Department of Social Services (DSS) to forego reasonable efforts at reunification. *See* S.C. Code Ann. § 63-7-20(6)(a)(i) (Supp. 2024) ("'Child abuse or neglect' or 'harm' occurs when" a parent "inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . ."); S.C. Code Ann. § 63-7-1660(E) (2010) (setting forth findings a family court must make when removing children from the custody of their parents); S.C. Code Ann. § 63-7-1640(C) (Supp. 2024) (setting forth situations when a family court may authorize DSS to forego reasonable efforts at family reunification). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling.

**AFFIRMED.**[2]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.